2007 BNH 038
_____

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW HAMPSHIRE**

In re:                                                                    Bk. No. 07-11245-MWV
                                                                          Chapter 11
Zenus is Jewelry, Inc.,
           Debtor

*William S. Gannon, Esq.*
*WILLIAM S. GANNON PLLC*
*Attorney for Debtor*

*Edmond J. Ford, Esq.*
*FORD & WEAVER, P.A.*
*Attorney for Ocean Bank*

## MEMORANDUM OPINION

The Court has before it the motion of the Chapter 11 Debtor, Zenus is Jewelry, Inc., seeking permission to pay certain prepetition creditors. Ocean National Bank ("Ocean"), a secured creditor, has objected to the Debtor's motion. The Court held an evidentiary hearing on October 18, 2007, and, realizing time is an important factor in this reorganization, issues this short opinion.

### JURISDICTION

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

### DISCUSSION

The Debtor wishes to pay five prepetition creditors in return for an extension of credit from each of them as follows:

| Creditor | PrePetition Debt | Payment | | Credit Limit | Payment Terms |
|---|---|---|---|---|---|
| Allison Kaufman | $38,135 | $14,000 | 11/07 | $21,000 | Net 60 days |
| Carland | $4,548 | $1,646 | 11/07 | $5,000 | Net 30, 69 and 90 |
| Manhattan | $1,263 | $1,263 | 10/07 | $2,000 | Net 30 |
| Campiola | $140,891 | $65,000 | 12/07 | $68,000 | Net 90 |
| Butler | $7,154 | $7,154 | 11/07 | $15 - 20,000 | Net 30, 60 and 90 |

At trial, the Debtor's president and sole shareholder testified that the prepetition payments were necessary in order to get the inventory needed for this Christmas season. Out of the five creditors to be paid, only Mr. Campiola testified. Mr. Campiola's company is a wholesale diamond merchant, and the substance of his testimony was that, while there were other diamond merchants available, no one would sell to the Debtor other than on a cash basis. In fact, his prepetition payment would not be paid until December, but he was willing to provide inventory based on this Court's order authorizing that payment. He also testified that if the Debtor had the ability to pay C.O.D., he would sell to it without the prepetition payment.

The Debtor cites as authority for its ability to pay certain prepetition creditors, the Doctrine of Necessity. The only First Circuit case cited is In re Boston & Maine, 634 F.2d 1359 (1st Cir. 1980), which is a railroad reorganization case, that primarily discusses the Six Months Rule. As indicated at trial, the Court believes the holding in that case to be limited to railroad reorganizations and not applicable to the instant case. All other circuits that have considered the question have not allowed the payment of any unsecured creditors unless all unsecured creditors were being paid. See In the Matter of K-Mart Corp., 359 F.3d 866 at 871 (7th Cir. 2004), and cases cited therein. Even courts that have permitted the payment of prepetition creditors invoking the Doctrine of Necessity have recognized that it should only be invoked "under extraordinary circumstances" and it is "a device to be used only in rare cases." In re Coserv, LLC, 273 B.R. 487, 491 (Bankr. N.D. Tex. 2002). This is not that rare case. In fact, this is not a critical vendor case at all. Unlike the debtor in Just Four Feet, 242 B.R. 821, 824 (D.

Del. 1999) that required the purchase of "name brand" inventory, the testimony in this case is that there are other vendors that would be willing to sell on a C.O.D. basis. In fact, Mr. Campiola testified that he would sell to the Debtor on such payment terms. He also testified that there are other diamond wholesalers available. In the instant case, the vendor creditors are not critical in the sense that they provide a unique product and that there is no other source for that product. Instead, this is a situation where the Debtor does not have the necessary cash flow to purchase the product. It is in fact a financing motion couched in the terms of the Doctrine of Necessity.

Based on this scenario, the Court is not prepared to rule that it has the power to invoke the Doctrine of Necessity and pay certain prepetition creditors outside the priority of payments authorized by the Bankruptcy Code. The Court would entertain an appropriate financing motion should the Debtor wish to try that route, subject, of course, to proper notice to creditors. The motion before the Court is denied.

## CONCLUSION

This opinion constitutes the Court's findings and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. The Court will issue a separate order consistent with this opinion.

DATED this 25th day of October, 2007, at Manchester, New Hampshire.

>/s/ Mark W. Vaughn
> Mark W. Vaughn
> Chief Judge